# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00332-PAB-SKC

JOHN M. WELLS, individually and as trustee for the Wells Revocable Trust, and
VALORIE WELLS, as trustee for the Wells Revocable Trust,

    Plaintiffs,

v.

CITY OF BOULDER, and
CHRIS MESCHUK, interim city manager, City of Boulder, in his official capacity,

    Defendants.

---

## ANSWER

---

Defendants, City of Boulder and Chris Meschuk, by their counsel, the Boulder, Colorado, City Attorney's Office, for their Answer to Plaintiffs' Amended Complaint, state as follows:

### Nature of Suit

1. Denied.

2. Denied.

3. In response to Paragraph 3, Defendants admit that Mr. and Mrs. Wells have filed this suit but deny that they are entitled to any relief.

### Operative Facts

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendants lack sufficient information to admit or deny the allegations of Paragraph 7 and deny them on that basis.

8. Defendants lack information sufficient to admit or deny the allegations of Paragraph 8 and deny them on that basis.

9. In response to Paragraph 9, Defendants admit that Mr. Roehrs purported to convey a 50% interest in the reserved mineral rights underneath the subject property by a Mineral Deed recorded with the Boulder County Clerk and Recorder on November 11, 1981. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 9 and deny them on that basis.

10. Admitted.

11. Admitted.

12. Defendants lack sufficient information to admit or deny the allegations of Paragraph 12 and deny them on that basis.

13. Defendants lack sufficient information to admit or deny the allegations of Paragraph 13 and deny them on that basis.

14. Defendants lack sufficient information to admit or deny the allegations of Paragraph 14 and deny them on that basis.

15. Admitted.

16. Defendants lack sufficient information to admit or deny the allegations of Paragraph 16 and deny them on that basis.

17. Defendants lack sufficient information to admit or deny the allegations of Paragraph 17 and deny them on that basis.

18. In response to Paragraph 18, Defendants admit that exploration activities have occurred on the subject property, and that there has been oil exploration and production elsewhere in Boulder County. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 18 and deny them on that basis.

19. Admitted.

20. Admitted.

21. Admitted.

22. In response to Paragraph 22, Defendants admit that the Boulder Oil Field is located within the Denver Basin. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 22 and deny them on that basis.

23. Admitted.

24. Defendants lack sufficient information to admit or deny the allegations of Paragraph 24 and deny them on that basis.

25. Admitted.

26. In response to Paragraph 26, Defendants admit that one publication described the Wattenberg Field that way in 2015. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 26 and deny them on that basis.

27. In response to Paragraph 27, Defendants admit that the subject property is located outside, and to the west of, the Wattenberg Field. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 27 and deny them on that basis.

28. Defendants lack sufficient information to admit or deny the allegations of Paragraph 28 and deny them on that basis.

29. Admitted.

30. Defendants lack sufficient information to admit or deny the allegations of Paragraph 30 and deny them on that basis.

31. Defendants lack sufficient information to admit or deny the allegations of Paragraph 31 and deny them on that basis.

32. Defendants lack sufficient information to admit or deny the allegations of Paragraph 32 and deny them on that basis.

33. Defendants lack sufficient information to admit or deny the allegations of Paragraph 33 and deny them on that basis.

34. Defendants lack sufficient information to admit or deny the allegations of Paragraph 34 and deny them on that basis.

35. Denied.

36. Denied.

37. Admitted.

38. In response to Paragraph 38, Defendants admit that the City Ordinances described later in the Complaint exist, and that zoning ordinances for the A and P Zones exist and deny Plaintiffs' characterization of those documents.

39. Defendants lack sufficient information to admit or deny the allegations of Paragraph 39 and deny them on that basis.

40. In response to Paragraph 40, Defendants admit that on June 4, 2013, Boulder City Council passed Ordinance 7907, and deny Plaintiffs' characterizations of the Ordinance.

41. Admitted.

42. In response to Paragraph 42, Defendants admit that on July 16, 2013, Boulder City Council passed Ordinance 7916, referring a question regarding extension of Ordinance 7907 to the voters, and that the voters adopted the measure at the November 2013 election. Defendants deny Plaintiffs' characterization of the Ordinance.

43. In response to Paragraph 43, Defendants admit that the Boulder City Council passed Ordinances 8253, 8392, and 8435, and deny Plaintiffs' characterization of those ordinances.

44. In response to Paragraph 44, Defendants admit that Ordinances 8392 and 8435 were passed on the consent agenda and deny Plaintiffs' characterization of those ordinances.

45. Denied.

46. Denied.

47. In response to Paragraph 47, Defendants admit that the purpose of the ordinances are set forth in the ordinances themselves. Defendants deny the remaining allegations of Paragraph 47.

48. Denied.

49. Denied.

50. In response to Paragraph 50, Defendants admit that the City issued a 2021 policy statement that included a section regarding local control of oil and gas production. Defendants deny the remaining allegations of Paragraph 50.

51. Admitted.

52. Defendants lack sufficient information to admit or deny the allegations of Paragraph 52 and deny them on that basis.

53. In response to Paragraph 53, Defendants state that the purposes of the ordinances are set forth in the ordinances themselves. Defendants deny the remaining allegations of Paragraph 52.

54. Paragraph 54 sets forth legal conclusions to which no response is required.

55. Paragraph 55 sets forth legal conclusions to which no response is required.

56. Paragraph 56 sets forth legal conclusions to which no response is required.

57. Paragraph 57 sets forth legal conclusions to which no response is required.

58. Paragraph 58 sets forth legal conclusions to which no response is required.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. In response to Paragraph 66, Defendants admit that Plaintiffs have not been compensated because they are owed no compensation, and never inquired about selling their rights to the City, even though the City's web page referred to in Paragraph 51 of the Amended Complaint states that "For decades, the City of Boulder has worked to acquire subsurface property interests – including oil, gas and mineral rights – as part of any new open space acquisition or where the opportunity has existed to acquire them separately." Defendants deny the remaining allegations of Paragraph 66.

67. Defendants lack sufficient information to admit or deny the allegations of Paragraph 67 and deny them on that basis.

68. Defendants lack sufficient information to admit or deny the allegations of Paragraph 68 and deny them on that basis.

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted.

73. Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief could be granted.

2. Plaintiffs' claims are unripe because they failed to inquire regarding the possibility of selling their rights to the City despite the City's stated interest in purchasing such rights.

3. Plaintiffs' losses, if any, were caused by market conditions and not any act of Defendants.

4. Plaintiffs are not entitled to expert witness fees pursuant to 42 U.S.C. § 1988(c).

5. Plaintiffs' claims are frivolous and/or groundless, and Defendants are entitled to an award of attorneys' fees and costs.

6. Plaintiffs' claims are being pursued in bad faith and for purposes of harassment, and Defendants are entitled to an award of attorneys' fees and costs.

WHEREFORE, Defendants, City of Boulder and Chris Meschuk, request that the Court enter judgment in their favor and against Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice, awarding Defendants their reasonable attorneys' fees and costs, and granting such further relief as the Court deems proper.

Dated this 5th day of May 2021.

Respectfully Submitted,

*s/ Luis A. Toro*
Thomas A. Carr, City Attorney
Luis A. Toro, Senior Assistant City Attorney
Boulder City Attorney's Office
1777 Broadway
Boulder, CO 80302
Telephone:  (303) 441-3020
Fax:  (303) 441-3859
carrt@bouldercolorado.gov
torol@bouldercolorado.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2021, a true and correct copy of the foregoing **ANSWER** was furnished through the CM/ECF system to the following:

Daniel E. Burrows
Public Trust Institute
dburrows@publictrustinstitute.org

Evan Stephenson
Spencer Fane, LLP
estephenson@spencerfane.com

*s/ Lisa R. Thompson*
Lisa R. Thompson
